# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11903-DSF-MBK | Date | June 2, 2026 |
|----------|----------------------|------|--------------|
| Title | Michael Evans v. Los Angeles County Detention Facility Medical, et al. | | |

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge |
|----------|-------------------------------------------------|

| James Muñoz | n/a |
|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|--------------------------|--------------------------|
| n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY FILING FEE

Plaintiff Michael Evans, a self-represented litigant in the custody of the West County Detention Facility, in Richmond, California, filed this civil rights action on November 25, 2025 in the Northern District of California. Dkt. 1. On December 10, 2025, the case was transferred to the Central District of California. Dkt. 3. On December 18, 2025, the Clerk issued a Notice of Discrepancy, notifying Plaintiff that he had not paid the filing fee or, alternatively, a request to proceed in forma pauperis. Dkt. 5. The notice informed Plaintiff that he was required to either pay the filing fee or submit a request to proceed without pre-paying the filing fee within 30 days or on or before January 18, 2025. *Id.* The notice also included the appropriate form as an attachment (CV-60P). *Id.* On February 23, 2026, Plaintiff filed an application to proceed *in forma pauperis*. Dkt. 9. However, the form did not include a certified copy of his inmate account statement. On March 11, 2026, the Court issued an order postponing its ruling on Plaintiff's request to proceed *in forma pauperis*, ordering Plaintiff to provide a certified copy of his inmate statement account within 30 days. Dkt. 10.

As of the date of this order, Plaintiff has not paid the filing fee or submitted his inmate statement account. Plaintiff is therefore ORDERED to show cause (meaning explain in writing) why the action should not be dismissed for failure to pay the filing fee. Plaintiff's response to this Order to Show Cause ("OSC") will be due on or before July 2, 2026. Submission of the filing fee or the completed CV-60P form with the certified copy of the inmate statement account will be a sufficient response to this OSC.

**To assist Plaintiff, the Clerk is ORDERED to include a blank CV-60P form as an attachment to this order.**

\* \* \*

CV-90 (10/08)          **CIVIL MINUTES - GENERAL**          Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11903-DSF-MBK | Date | June 2, 2026 |
|---|---|---|---|
| Title | Michael Evans v. Los Angeles County Detention Facility Medical, et al. | | |

*Alternatively*, if Plaintiff no longer wishes to pursue this action, Plaintiff may elect to voluntarily dismiss the entire action under Federal Rule of Civil Procedure 41(a).

\*\*\*

Plaintiff is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Plaintiff without filing and will not be considered by the Court**.

1.  All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

2.  Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

3.  Plaintiff must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Plaintiff should keep a copy of any document sent to the Court.

4.  After any defendant has filed an appearance in this action, Plaintiff must file any future document with the Court and serve it on Defendant(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Plaintiff must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

At the top of the first page of any document sent to the Court, Plaintiff must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11903-DSF-MBK | | Date | June 2, 2026 |
|---|---|---|---|---|
| Title | Michael Evans v. Los Angeles County Detention Facility Medical, et al. | | | |

mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

***Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address:* A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**